```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,    )  CR. NO. 06-00080 SOM
                             )  CIV. NO. 14-00090 SOM-BMK
          Plaintiff,         )
                             )  ORDER REFERRING TO NINTH
     vs.                     )  CIRCUIT DEFENDANT ETHAN MOTTA'S
                             )  SECOND OR SUCCESSIVE PETITION
ETHAN MOTTA,                 )  UNDER 28 U.S.C. § 2255; EXHIBIT
                             )  A
          Defendant.         )
                             )
```

**ORDER REFERRING TO NINTH CIRCUIT DEFENDANT ETHAN MOTTA'S
SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255**

Before this court is Defendant Ethan Motta's "Pro Se Motion For Relief From Judgment or Order Pursuant to Rule 60(b)(1), (2) and (6) Federal Rules of Civil Procedure." Having received briefs from Motta and the Government on the issue of whether this court may consider the merits of Motta's motion, this court construes that motion as a second or successive motion brought under 28 U.S.C. § 2255, notwithstanding Motta's characterization of his motion as brought under Rule 60(b) of the Federal Rules of Civil Procedure. As Motta presents no evidence that he has met the requirement in § 2255(h) that a second or successive motion be certified by the Ninth Circuit, this court transfers the motion, a copy of which is attached as Exhibit A to this order, to the Ninth Circuit pursuant to Circuit Rule 22-3(a).

**I.        BACKGROUND INFORMATION**

Following a lengthy jury trial, Motta and Co-Defendant Rodney Joseph were found guilty in 2009 of several felonies, the most serious being counts of murder and attempted murder in aid of racketeering activity. By statute, life in prison was the mandatory sentence for those counts. Motta and Joseph appealed, and the Ninth Circuit affirmed in a memorandum disposition filed on January 10, 2012. Motta filed a certiorari petition with the Supreme Court, which denied the petition on February 19, 2013. The case has remained active since then, as shown by the hundreds of docket entries in the case file between then and now.

The present motion is not the first one that this court views as brought by Motta under § 2255. Motta's first § 2255 motion is labeled as having been brought under § 2255. It states that it was signed on February 21, 2014. The envelope in which the motion was mailed has a postmark of the same day, although a transmittal letter included with the motion bears a date of February 20, 2014. The motion was received by this court on February 24, 2014. Conscious that the "prison mailbox" rule applied and uncertain whether equitable tolling might be warranted, this court ordered briefing on the issue of whether Motta's first § 2255 motion was timely. This court ultimately appointed counsel to represent Motta at an evidentiary hearing on whether the first § 2255 motion had been submitted within the

one-year deadline provided for in § 2255(f), or, if not, whether equitable tolling applied.

On June 6, 2014, while the first § 2255 motion was pending and before this court had resolved the issue of the timeliness of that first § 2255 motion, Motta placed into the prison mail system his "Motion Seeking Relief To Vacate, Set Aside or Correct Sentence Based on Recent Supreme Court Precedent."  This motion sought relief "in light of the Supreme Court's recent ruling in United States v. Alleyne, decided June 17th, 2013."  The motion also asked that, "[i]f the district court for whatever reason decides that 'Alleyne' does not apply retroactively to his case, th[e]n the defendant respectfully ask that the Honorable court allow him to raise his 'Alleyne' argument as a supplemental argument in his 2255 petition."  The motion was accompanied by a letter addressed to the Clerk of Court that included the following statement: "Let it be known this is not a second and successive 2255 motion, but strictly an 'Alleyne' motion and should not be misconstrued as a second and successive 2255."

During June 2014 and in the following months, there was considerable activity in this case.  With the timeliness of Motta's first § 2255 motion still unresolved, Motta, Joseph, and the Government were also filing other papers, and the Ninth Circuit was communicating with Joseph and this court about

matters pending on appeal. Possibly because of the flurry of activity at the time, neither the Government's response to Motta's "Alleyne" motion nor this court's order denying the "Alleyne" motion on October 14, 2014, addressed the issue of whether the "Alleyne" motion was actually a second or successive motion under § 2255 that should have been transferred to the Ninth Circuit for consideration as to whether certification should issue. Instead, in a short order, this court denied the "Alleyne" motion on the ground that <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013), did not apply retroactively to cases on collateral review. The Government now characterizes Motta's "Alleyne" motion as having been a second or successive § 2255 motion, and the court is inclined to agree. However, as it turns out, this does not affect the present order one way or the other.

          The first § 2255 motion was not decided until months after this court had denied Motta's "Alleyne" motion. On June 16, 2015, following a change in defense counsel and an evidentiary hearing, this court dismissed the first § 2255 motion as untimely and declined to issue a certificate of appealability. On November 2, 2015, the Ninth Circuit similarly denied Motta's request for a certificate of appealability.

          Motta filed the purported Rule 60(b) motion now pending before this court on June 15, 2016, having signed it on June 13, 2016.

4

**II.     ANALYSIS.**

      **A.   A District Court Lacks Jurisdiction To Address a Second or Successive § 2255 Motion Absent a Circuit Court Certification.**

In passing the Antiterrorism and Effective Death Penalty Act, Congress imposed "significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." <u>United States v. Lopez</u>, 577 F.3d 1053, 1059 (9th Cir. 2009).  In 28 U.S.C. § 2255(h), Congress said:

> (h)  A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> > (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

<u>See also</u> 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

5

The Ninth Circuit has defined this limitation as jurisdictional in nature. Thus, in Ezell v. United States, 778 F.3d 762 (9th Cir. 2015), the Ninth Circuit said, "Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.'" Id. at 765 (quoting Lopez, 577 F.3d at 1061).

Thus, if Motta's Rule 60(b) motion is actually a second or successive § 2255 motion, this court lacks jurisdiction to address it unless he receives § 2255(h) certification from the Ninth Circuit.

**B.   The Pending Rule 60(b) Motion is Actually a Second or Successive § 2255 Motion That Requires § 2255(h) Certification Before This Court May Adjudicate It.**

A defendant convicted of a crime in federal court is generally limited to one motion under § 2255. A defendant may not bring a "second or successive" § 2255 motion without first obtaining certification under the exacting standards of 28 U.S.C. § 2255(h). See United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," including characterizing their petitions as being asserted under Rule 60(b)

of the Federal Rules of Civil Procedure.  <u>Washington</u>, 653 F.3d at 1059.

Accordingly, courts examine whether a Rule 60(b) motion "is actually a disguised second or successive § 2255 motion" that must meet the certification requirements set forth in § 2255(h). <u>Id.</u> at 1060.  To make that determination, courts examine the substance of the motion to see whether the Rule 60(b) motion contains a "claim" that makes it a § 2255 motion.  <u>See</u> <u>United States v. Buenrostro</u>, 638 F.3d 720 (9th Cir. 2011).  Examples of Rule 60(b) motions making "claims" such that they should be treated as "second or successive" § 2255 motions include those in which: 1) a claim of constitutional error is raised that was allegedly omitted from the original § 2255 motion because of excusable neglect; 2) newly discovered evidence is presented that allegedly justifies revisiting a claim that was denied in the original § 2255 motion; 3) a subsequent change in substantive law is cited as justifying relief from the previous denial of a claim; 4) a new ground for relief is being raised; 5) an argument is made that the previous resolution of a claim was incorrect; and 6) the movant's own conduct or counsel's omissions allegedly warrant relief.  <u>See</u> <u>Washington</u>, 653 F.3d at 1063 (citing <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 530-32(2005)).

If the motion does not contain a "claim," it is a proper Rule 60(b) motion.  Examples of proper Rule 60(b) motions

include those asserting a defect in the integrity of the earlier § 2255 proceeding such as a fraud on the court, see Buenrostro, 638 F.3d at 722, or those claiming that the court erred in making a procedural ruling (e.g., relating to a procedural default or statute of limitations) that caused the court not to reach the merits of the underlying claim, see Washington, 653 F.3d at 1063.

Motta's purported Rule 60(b) motion is clearly a "second or successive" § 2255 motion. In his first § 2255 motion, he contended that he had newly discovered evidence. In the pending motion, he once again relies on what he describes as new evidence. What he calls a Rule 60(b) motion is not actually seeking reconsideration of this court's earlier ruling that his first § 2255 motion was untimely. Instead, he is trying to reargue the content of that untimely motion. That takes his present motion outside the scope of Rule 60(b). See Gonzalez, 545 U.S. at 531 (deeming habeas petition not to be second or successive petition because it challenged only prior statute of limitations ruling). In any event, Motta cannot challenge this court's timeliness order given the Ninth Circuit's ruling denying him a certificate of appealability as to the timeliness order.

In Washington, the Ninth Circuit made it clear that a Rule 60(b) motion based on newly discovered evidence was a motion making a claim and should be treated as a second § 2255 motion. 653 F.3d at 1063. Under Washington, Motta's Rule 60(b) motion

must be deemed a "second or successive" § 2255 motion for which Motta must get § 2255(h) certification before proceeding in this court. The "claim" Motta asserts renders what he calls a Rule 60(b) motion actually a § 2255 motion. In fact, § 2255(h) specifically refers to a second or successive motion based on newly discovered evidence as requiring certification.

Motta argues that, because this court's timeliness order did not address the merits of his first § 2255 motion, his present motion is the first that goes to the merits and so cannot be a second or successive § 2255 motion. This argument is foreclosed by McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). The Ninth Circuit said in McNabb, "We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 18 U.S.C. § 2244(b)."

Although McNabb was addressing a motion filed in federal court under 28 U.S.C. § 2254 to challenge a state court conviction, the reasoning appears applicable to § 2255 motions. As the Ninth Circuit explained, "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered a by federal court." Id. See also id. at 1030 ("dismissal of a first

habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims").

### C. The Court Refers Motta's Second or Successive § 2255 Motion to the Ninth Circuit for § 2255 Certification Purposes.

Ninth Circuit Rule 22-3(a) provides, "If a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Having determined that Motta's Rule 60(b) motion is actually a disguised "second or successive" § 2255 motion that requires § 2255(h) certification before it may proceed in this court, the court refers the matter to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification purposes.

Because this referral removes Motta's motion from this court, this court denies as moot the Government's motion to dismiss Motta's motion.

### III. CONCLUSION.

Motta's Rule 60(b) motion must be treated as a "second or successive" § 2255 motion. This court therefore refers the motion to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification purposes.

The Clerk of Court is directed to send this order, including Exhibit A, to the Ninth Circuit. The Clerk of Court is

10

also directed to terminate Motta's motion as well as the Government motion to dismiss and to close this case pending the Ninth Circuit's § 2255(h) certification decision.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 4, 2016.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Ethan Motta, CR. NO. 06-00080 SOM, CIV. NO. 14-00090 SOM-BMK, ORDER REFERRING TO NINTH CIRCUIT DEFENDANT ETHAN MOTTA'S SECOND OR SUCCESSIVE PETITION UNDER 28 U.S.C. § 2255, EXHIBIT A